TYRISE STEELE,

        Petitioner,

        v.

WARDEN,

        Respondent.

CAUSE NO.: 3:18-CV-664-JD-MGG

## OPINION AND ORDER

Tyrise Steele, a prisoner without lawyer, filed a habeas corpus petition challenging the prison disciplinary hearing (STP 17-12-1) where a Disciplinary Hearing Officer (DHO) found him guilty of Use and/or Possession Of Cellular Telephone or Other Wireless or Cellular Communications Device in violation of Indiana Department of Correction offense A-121 and sanctioned him with the loss of 180 days earned credit time and demoted him from Credit Class 2 to Credit Class 3. ECF 2. Steele raised one ground in his petition.

Steele argues there was no evidence to support the finding that he possessed the phone because it was not found in his bunk area. In the disciplinary context, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long

as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted). Even a Conduct Report alone can be sufficient evidence to support a finding of guilt. ). " *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

Here, the Conduct Report states:

> On Nov. 30, 2017, at approximately 2:30pm I, Ms. Cobb was conducting a search in unit 9 when I discovered property that belong to offender Tyrise Steele # 249937 such as pictures, mail, clothes and shoes located on a bunk 09-U2-4L. As I. Ms. Cobb was searching through that property I discovered a black Motorola flip phone inside of Offender Steele's [shoe]. Offender Steele is being written up for use/poss of cell phone/wireless device.

ECF 14-1. Steele argues this was not his bunk and those were not his clothes or shoes. These are the same arguments he made to the DHO who considered this conflicting testimony and concluded the phone was found in his shoe with his other property even though it was not on his bunk. Based on that factual finding, it was not arbitrary to have found that it was his phone and he was guilty of violating A-121. "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride* , 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

For these reasons, the habeas corpus petition (ECF 2) is DENIED. The Clerk is directed to CLOSE this case.

SO ORDERED on July 19, 2019

_____/s/ JON E. DEGUILIO_____
JUDGE
UNITED STATES DISTRICT COURT